**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DITECH FINANCIAL LLC and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiffs<br><br>v.<br><br>WOODCREST HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendants | Case No.: 2:16-cv-02636-APG-DJA<br><br>**Order (1) Granting Plaintiffs' Motion for Summary Judgment, (2) Dismissing as Moot Alternative Damages Claims, and (3) Denying as Moot Woodcrest's Motion for Summary Judgment**<br><br>[ECF Nos. 40, 50] |

Plaintiffs Ditech Financial LLC (Ditech) and Federal National Mortgage Association (Fannie Mae) sue to determine whether a deed of trust still encumbers property located at 3609 Broxburn Street in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Woodcrest Homeowners Association (Woodcrest). Ditech and Fannie Mae seek a declaration that the deed of trust was not extinguished by the HOA foreclosure sale. They also assert alternative damages claims against Woodcrest and its foreclosure agent, defendant Absolute Collection Services, LLC. Defendant Abacus 8, LLC (Abacus) purchased the property at the foreclosure sale.

Ditech and Fannie Mae move for summary judgment, arguing that the HOA foreclosure sale did not extinguish the deed of trust because the federal foreclosure bar in 12 U.S.C. § 4617(j)(3) preserved Fannie Mae's property interest as a matter of law. Abacus responds that the plaintiffs' declaratory relief claims are untimely. Woodcrest joins Abacus's response and contends that if I hold that the deed of trust survived the foreclosure sale, then I should dismiss the alternative damages claims as moot. In reply, the plaintiffs agree that if they prevail on the declaratory relief claim, then the damages claims are moot.

The parties are familiar with the facts, so I do not repeat them here except where necessary. I grant the plaintiffs' motion because their declaratory relief claim is timely and the federal foreclosure bar precluded the HOA foreclosure sale from extinguishing the deed of trust. Consequently, I dismiss as moot their alternative damages claims and I deny as moot Woodcrest's motion for summary judgment.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The federal foreclosure bar in 12 U.S.C. § 4617(j)(3) provides that "in any case in which [FHFA] is acting as a conservator," "[n]o property of [FHFA] shall be subject to . . .

foreclosure[] or sale without the consent of [FHFA]." The plaintiffs thus argue that the HOA sale could not extinguish Fannie Mae's interest in the property because at the time of the sale, FHFA was acting as Fannie Mae's conservator and Fannie Mae owned the note and deed of trust. Abacus concedes that if Fannie Mae owned the note and deed of trust at the time of the sale, the federal foreclosure bar applies. However, it contends that the plaintiffs' claims are time-barred because a three-year limitation period applies under the Housing and Economic Recovery Act of 2008 (HERA). The plaintiffs reply that a six-year limitation period applies under HERA.

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale was conducted on November 15, 2011, and the trustee's deed upon sale was recorded two days later. ECF No. 40-10. The plaintiffs filed suit more than four years later, on November 15, 2016. ECF No. 1. Thus, if this is the applicable limitation period, the plaintiffs' declaratory relief claim would be untimely.

However, HERA's extender provision in 12 U.S.C. § 4617(b)(12) applies here. That statute extends the limitation period for claims brought by the FHFA as conservator for Fannie Mae. Contract claims must be brought within the longer of six years or the applicable state law period, and tort claims must be brought within the longer of three years or the applicable state law period. 12 U.S.C. § 4617(b)(12)(A). Courts have interpreted § 4617(b)(12) to govern any action brought by FHFA as conservator, and thus one of these two limitation periods must apply even to a claim like the plaintiffs' declaratory relief claim that is neither a contract nor a tort

3

claim. *See FHFA v. UBS Americas Inc.*, 712 F.3d 136, 144 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d 1101, 1108-09 (D. Nev. 2019), *reconsideration granted, order vacated in part*, No. 2:17-cv-03006-JAD-EJY, 2019 WL 6828293 (D. Nev. Dec. 13, 2019); *FHFA v. Royal Bank of Scotland Grp. PLC*, 124 F. Supp. 3d 92, 95-99 (D. Conn. 2015); *FHFA v. HSBC No. Amer. Holdings, Inc.*, Nos. 11cv6189 (DLC), 11cv6201 (DLC), 2014 WL 4276420, at *5 (S. D N.Y. Aug. 28, 2014); *In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.*, 900 F. Supp. 2d 1055, 1067 (C.D. Cal. 2012).

  I determined in a prior case that a declaratory relief claim like the one the plaintiffs assert in this case is more akin to a contract claim than a tort claim, so the six-year limitation period is the correct one. *See Nationstar Mortg. LLC v. 312 Pocono Ranch Tr.*, No. 2:17-cv-01783-APG-DJA, 2019 WL 5963963, at *1-2 (D. Nev. Nov. 13, 2019). Other judges in this district agree. *See, e.g.*, *Nationstar Mortg. LLC v. Copper Creek Homeowner Ass'n*, No. 2:17-cv-02624-RFB-BNW, 2019 WL 4777311, at *4 (D. Nev. Sept. 29, 2019); *LN Mgmt. LLC, Series 2937 Barboursville*, 369 F. Supp. 3d at 1110. And other judges have concluded that the extender statute can be invoked by Fannie Mae or its servicer even though the extender statute states that it applies to claims brought by the FHFA. I agree with the reasoning of these decisions that Fannie Mae and its servicer are FHFA's agents in protecting the conservatorship assets and thus may seek the benefit of HERA's six-year extender statute even if FHFA is not a party to the case. *See Ditech Fin. LLC v. Talasera & Vicanto Homeowners' Ass'n*, No. 2:16-cv-02906-JAD-NJK, 2019 WL 6828287, at *2 (D. Nev. Dec. 13, 2019); *Copper Creek Homeowner Ass'n*, 2019 WL 4777311, at *3-4. Consequently, the plaintiffs' declaratory relief claim in this case is governed by the six-year limitation period in HERA and is timely.

1    The federal foreclosure bar preempts Nevada law and precludes an HOA foreclosure sale from extinguishing Fannie Mae's interest in property without FHFA's affirmative consent. *Berezovsky v. Moniz*, 869 F.3d 923, 927-31 (9th Cir. 2017). In *Berezovsky*, the Ninth Circuit accepted as proof of ownership the same type of evidence of ownership as offered in this case. *Id.* at 932-33. Consequently, the plaintiffs have met their initial burden of showing Fannie Mae owned an interest in the property at the time of the sale.

Abacus has not presented evidence raising a genuine dispute about Fannie Mae's interest. The fact that Fannie Mae's name does not appear as the deed of trust beneficiary does not raise a genuine dispute that it does not own the note and deed and trust. *See id.* at 932 (stating that Freddie Mac's interest in the property was "valid and enforceable under Nevada law" even though "the recorded deed of trust names only the owner's agent"); *Ditech Fin. LLC v. Saticoy Bay LLC Series 8829 Cornwall Glen*, 794 F. App'x 667, 668 (9th Cir. 2020) (rejecting purchaser's argument that because "Fannie Mae did not appear as the deed of trust's record beneficiary" it did not have a valid property interest); *JPMorgan Chase Bank, N.A. v. 7290 Sheared Cliff Lane Un 102 Tr.*, 804 F. App'x 488, 491 (9th Cir. 2020) (stating that Fannie Mae's business records and declaration of its employee were "sufficient evidence of Fannie Mae's ownership of the loan even if the recorded deed of trust names only . . . Fannie Mae's loan servicer" (quotation omitted)).

As a result, I grant the plaintiffs' motion for summary judgment on their declaratory relief claim. I dismiss as moot the plaintiffs' alternative damages claims against Woodcrest and Absolute, so I also deny as moot Woodcrest's motion for summary judgment.

/ / / /

/ / / /

## II. CONCLUSION

I THEREFORE ORDER that the plaintiffs' motion for summary judgment **(ECF No. 40) is GRANTED**. The clerk of court is instructed to enter judgment in favor of the plaintiffs and against defendant Abacus 8, LLC as follows: It is hereby declared that the non-judicial foreclosure sale conducted by Woodcrest Homeowners Association on November 15, 2011 did not extinguish the deed of trust and the property located at 3609 Broxburn Street in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that the plaintiffs' alternative damages claims against defendants Woodcrest Homeowners Association and Absolute Collection Services, LLC are dismissed as moot.

I FURTHER ORDER that defendant Woodcrest Homeowners Association's motion for summary judgment **(ECF No. 50) is DENIED as moot**.

I FURTHER ORDER that the clerk of court is instructed to close this case.

DATED this 9th day of June, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

6